FILED
December 18, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **STANLEY FOSTER BAKER,** § <br> **TDCJ No. 02085771,** § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **BOBBY LUMPKIN, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | CIVIL NO. SA-22-CA-01285-OLG |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Stanley Foster Baker's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and supplemental memorandum in support (ECF No. 1), as well as Respondent Bobby Lumpkin's Answer (ECF No. 7) and Petitioner's Reply (ECF No. 30) thereto. Petitioner challenges the constitutionality of his 2016 state court convictions for continuous sexual abuse of a child and indecency with a child. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

### I. Background

In July 2016, Petitioner was convicted of one count of continuous sexual abuse of a child and one count of indecency with a child by sexual contact. *State v. Baker*, No. 15-1755-CR-A

(2nd 25th Dist. Ct., Guadalupe Cnty., Tex. July 20, 2016) (ECF No. 10-13 at 139-40). He was sentenced to life imprisonment on the first count and to twenty years of imprisonment on the second, with the sentences to run concurrently. *Id.* His convictions and sentences were affirmed on direct appeal, and the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on September 12, 2018. *Baker v. State*, 2018 WL 1402091, No. 04-16-00559-CR (Tex. App.—San Antonio, Mar. 21, 2018, pet. ref'd) (ECF No. 10-6); *Baker v. State*, No. PD-0432-18 (Tex. Crim. App.) (ECF No. 10-10).

Petitioner filed his first petition for federal habeas corpus relief on February 11, 2019. *See Baker v. Davis*, No. 5:19-cv-240-XR (W.D. Tex.), at ECF No. 1. This petition was dismissed without prejudice on October 29, 2019, because Petitioner had yet to adequately exhaust state court remedies with regard to the majority of the allegations raised in his petition. *Id.* at ECF No. 19. Instead of returning to state court to pursue his state court remedies, however, Petitioner appealed the district court's decision to the Fifth Circuit Court of Appeals, who denied Petitioner's request to appeal in an unpublished opinion dated January 25, 2021.[1] *Baker v. Lumpkin*, No. 20-50019, 2021 WL 8085528 (5th Cir. 2021).

Ultimately, Petitioner did not return to state court to file a state application for habeas corpus relief until June 6, 2022. *Ex parte Baker*, No. 94,015-01 (Tex. Crim. App.); (ECF No. 10-34 at 9-54). The Texas Court of Criminal Appeals denied the application without written order on November 2, 2022. (ECF No. 10-30). Shortly thereafter, Petitioner placed the instant federal habeas corpus petition in the prison mail system on November 22, 2022. (ECF No. 1 at 13).

---

[1] Petitioner also challenged the district court's dismissal in a series of unsuccessful motions to reconsider, the latest of which was denied on August 30, 2021. *Id.* at ECF Nos. 26, 27, 29, 30, 32, 33, 41, 42. The Fifth Circuit denied Petitioner's request to appeal these denials as well in an unpublished opinion issued April 18, 2022. *Baker v. Lumpkin*, No. 21-50918, 2022 WL 1136041 (5th Cir. 2022).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final December 11, 2018, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state court convictions expired a year later on December 11, 2019. Because Petitioner did not file the instant § 2254 petition until November 22, 2022—almost three years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented Petitioner from filing a timely petition. There has also been no showing of a newly recognized constitutional

3

right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Following the denial of his PDR in September 2018, Petitioner chose to raise his allegations in a federal petition for habeas corpus relief as opposed to seeking such relief in state court. But those federal proceedings do not operate to toll the limitations period in this case because an application for federal habeas review "is not an 'application for State post-conviction or other collateral review' as contemplated by 28 U.S.C. § 2244(d)(2))." *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition does not toll the limitations period under § 2244(d)(2)).

Petitioner did eventually challenge the instant convictions by filing an application for state post-conviction relief in June 2022. But as discussed previously, Petitioner's limitations period for filing a federal petition expired in December 2019. Because the state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in November 2022, is still almost three years late.

**B.    Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of

equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

1. Petitioner's Lack of Diligence

The record fails to demonstrate that Petitioner pursued his rights diligently. Each of the allegations raised in the instant § 2254 petition concern the constitutionality of Petitioner's July 2016 convictions, yet Petitioner did not submit the majority of these claims to the state court until he filed his state habeas corpus application in June 2022, two-and-a-half years after his convictions became final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Petitioner contends that, despite waiting until June 2022 to file his first state habeas application, equitable tolling should apply because, "through no fault of his own," the federal district court did not rule on his original federal petition for 240 days, leaving only 43 days under the limitations period for him to return to state court following the dismissal. (ECF No. 30 at 15). But it was Petitioner's *own choice* to seek habeas relief in the federal court first, despite the AEDPA's clear mandate that a petitioner must exhaust his claims in state court *before* bringing

them to federal court. 28 U.S.C. § 2254(b)(1)(A); *see Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (affirming denial of equitable tolling where petitioner's own action prevented him from asserting his rights). Whether or not Petitioner was aware of AEDPA's mandate is irrelevant, as ignorance of the law and unfamiliarity with the legal process are not rare or exceptional circumstances that warrant equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008).

Notwithstanding his decision to first seek habeas relief in federal court, Petitioner admits that he still had 43 days remaining on his limitations period following the district court's dismissal for exhaustion. (ECF No. 30 at 15). Given this short timeframe, Petitioner argues that he brought all of his claims to the state court "as quickly as he possibly could." *Id.* at 17. The Court disagrees. Petitioner did not return to state court to file his state habeas petition until June 6, 2022, despite the district court dismissing Petitioner's first federal petition on October 29, 2019, and the Fifth Circuit affirming this decision on January 25, 2021. This hardly constitutes pursuing the habeas process "with diligence and alacrity" as required to warrant equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

2. No "Extraordinary Circumstances" Exist

Petitioner also fails to demonstrate that rare or extraordinary circumstances beyond his control caused the late filing of the instant petition. In his lengthy reply (ECF No. 30), Petitioner provides a litany of arguments as to why the untimeliness of his petition should be excused, including: (1) the State's continued concealment of favorable evidence; (2) being misled by the district court's dismissal of his first federal petition for exhaustion purposes; and (3) inadequate access to the law library due to the COVID-19 pandemic. As discussed below, none of these provide a valid argument for equitably tolling the limitations period in this case.

### *(a)   State Interference*

Petitioner first contends that equitable tolling is warranted because the State continues to conceal evidence that would help Petitioner establish the veracity of his allegations. (ECF No. 30 at 24-62). According to Petitioner, this evidence includes audio recordings of pre-trial proceedings that were allegedly destroyed, as well as video and audio recordings of his post-arrest interrogation by police. *Id.* However, a habeas corpus petitioner is not entitled to an extended delay while he gathers "every possible scrap of evidence that might support . . . his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

Here, Petitioner does not allege facts showing that he was unaware of the factual predicate for his claims or that access to the allegedly withheld evidence was essential for raising these claims on collateral review. Petitioner was present at his trial and admittedly has been seeking evidence to support his allegations for many years since. (ECF No. 30 at 19). In fact, Petitioner presented several of the claims (or the basis of those claims) to the district court during his first federal habeas proceeding. *See Baker v. Davis*, No. 5:19-cv-240-XR (W.D. Tex.), at ECF No. 5. Thus, to the extent Petitioner lacked access to certain records that could have supported these allegations, he still does not establish that "rare and exceptional" circumstances prevented him from raising the underlying claims in a timely manner.

### *(b)   The Previous Dismissal Order*

Petitioner next cites the district court's dismissal of his first federal habeas petition for exhaustion purposes as a reason to toll the limitations period. (ECF No. 30 at 9-14, 24). According to Petitioner, he was misled by the district court's failure to specifically state which claims were exhausted and which claims were unexhausted. But the Fifth Circuit's opinion denying Petitioner's request to appeal the district court's decision tells a different story:

7

> It is not debatable that [Petitioner] did not exhaust state remedies as he was required to do. In the Texas intermediate court of appeals, [Petitioner] only challenged the district court's determination that he was not in custody. [Petitioner] raised for the first time in the Texas Court of Criminal Appeals his claims of prosecutorial misconduct and ineffective assistance of counsel; he also raises further claims for the first time in his federal petition. Those claims were therefore not "fairly presented" to the Texas courts.

*Baker*, 2021 WL 8085528, at *1.

Petitioner also faults the district court for: (1) failing to explain that he could simply delete the unexhausted claims and proceed solely on the exhausted claims, or (2) failing to stay the federal proceedings while Petitioner returned to state court to exhaust. (ECF No. 30 at 11, 14-15). Yet, nowhere in the record did Petitioner ask the district court to stay the proceedings, nor does Petitioner provide any legal precedent requiring a court to inform a petitioner of his right to request one. Again, Petitioner's lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *Petty*, 530 F.3d at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Thus, Petitioner's attempt to place the blame on the district court holds no water.

       (c)    *Pandemic Lockdowns*

Finally, Petitioner cites the restrictive environment that occurred at his prison unit because of the COVID-19 pandemic as a basis for equitable tolling. (ECF No. 30 at 24-25). Petitioner contends he was sick with the virus in January 2020 and had limited access to the law library or legal resources beginning in March 2020. Indeed, the lack of access to a law library can in some circumstances toll the one-year limitations period. *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). In order to toll the limitations period, however, the lack of library access must have *actually prevented* Petitioner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

While it is indisputable that the COVID-19 pandemic caused disruptions, Petitioner fails to specify how it prevented him from timely filing the instant § 2254 petition. Instead, Petitioner simply asserts that the lockdown protocols in general affected his ability to access the law library and its limited legal materials. Yet, "the mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance' warranting the application of equitable tolling." *Farley v. Dir., TDCJ-CID*, No. 4:21-CV-676, 2022 WL 2183305, at *3 (E.D. Tex. Apr. 20, 2022) (citing *Young v. Mississippi*, No. 3:20-CV-736-TSL-RPM, 2021 WL 4190646, at * 5 (S.D. Miss Aug. 6, 2021)).

Courts in this circuit have repeatedly found that delays caused by intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from actually filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus was not constitute an extraordinary circumstance).[2]

---

[2] *See also See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at **2-3 (N.D. Tex. Feb. 22, 2022), *report and recommendation adopted sub nom.*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (finding no evidence that diminished library access "actually prevented" petitioner from filing his federal petition; although it may have been more challenging for him to prepare the habeas petition and mail it, he did not establish that any pandemic-related circumstances prevented its filing); *Bradden v. Lumpkin*, No. 4:21-CV-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding access to some law library material—albeit on a limited and sometimes delayed basis due to the COVID-19 pandemic—and sporadic lockdowns were not grounds for equitable tolling); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the

In this case, Petitioner similarly presents no evidence that any intermittent lockdowns "actually prevented" him from filing a state or federal petition. *Krause*, 637 F.3d at 561. As discussed previously, Petitioner's limitations period ended in December 2019, a month before he became sick with COVID-19 and well before restrictive prison measures began to take effect in or around March 2020. Because Petitioner's limitations period took place entirely before the initiation of any COVID-19 protocols, his argument regarding the restricted access to the law library as a result of COVID-19 does little, if anything, to explain why he could not have worked on and filed the instant federal petition earlier. Moreover, while Petitioner failed to file his state habeas petition and, ultimately, the instant petition on time, he was still able litigate numerous motions to reconsider the district court's ruling as well as several appeals to the Fifth Circuit. This prolific litigation negates Petitioner's contention that he was impeded in his ability to return to state court to file his state habeas application.

In sum, Petitioner presents no evidence that diminished access to the law library "actually prevented" him from filing his federal petition. Stated another way, he shows no causal link between any pandemic-related impediments—lockdowns and limited access to the law library and legal resources—and his inability to file a state or federal habeas petition. While it may have been more challenging for him to prepare the habeas petition and mail it, he has not established that any pandemic-related circumstances prevented its filing. And as discussed by the numerous cases cited above, delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevent a petitioner from filing a timely federal petition. Thus, Petitioner presents no adequate basis for equitable tolling.

---

security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

## III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided

no reasonable justification for missing the filing deadline by almost three years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Stanley Foster Baker's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the __18__ day of December, 2023.

_____
ORLANDO L. GARCIA
United States District Judge